FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 0 7 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

R.D. GREENFIELD,

    Plaintiff,

-against-

UNITED AIRLINES, INC.; ACE AVIATION
HOLDINGS, INC. d/b/a AIR CANADA; AIR NEW
ZEALAND, LTD.; ANA COMPANY, LTD.; ASIANA
AIRLINES, INC.; AUSTRIAN AIRLINES GROUP;
BRITISH MIDLAND AIRWAYS, LTD.; LOT POLISH
AIRLINES, S.A.; DEUTSCHE LUFTHANSA AG;
SAS, A.B. d/b/a SCANDINAVIAN AIRLINES SYSTEM;
SINGAPORE AIRLINES, LTD.; SOUTH AFRICAN
AIRWAYS, LTD.; SPANAIR, S.A.; SWISS
INTERNATIONAL LINES; TAP, SGPS, S.A. d/b/a
TAP PORTUGAL AIRLINES; THAI AIRWAYS
INTERNATIONAL PUBLIC CO., LTD.;
US AIRWAYS, INC.; and CHASE CARD
SERVICES COMPANY, INC.,

    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-1984 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

    Plaintiff Richard D. Greenfield, an attorney and resident of Palm Beach, Florida, brings this action *pro se* against defendants pursuant to 28 U.S.C. § 1332 for breach of contract, breach of duty of good faith and fair dealing, and conversion. Plaintiff has paid the requisite $350 filing fee to bring this action. For the reasons discussed below, the Court finds that it may lack subject jurisdiction over plaintiff's complaint. Plaintiff is granted leave to amend his complaint to demonstrate a good faith basis for satisfying the amount in controversy requirement. Otherwise, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction.

1

## BACKGROUND

Plaintiff brings suit against United Airlines, Inc. ("United") and various other airlines affiliated or partnered with United ("Partner Airlines") in relation to the frequent flyer miles program, "Mileage Plus." Chase Card Services Company, Inc., "pursuant to agreements with United, issues to certain of its cardholders 'miles' pursuant to the 'Mileage Plus' Program, pursuant to which it credits at least one 'mile' for each dollar spent using the Chase Card." Compl. at 2. Plaintiff has "over 1 million United 'miles' in his account which he has earned by purchasing tickets on United and Partner Airline flights and by the use of the Chase Card." Compl. at 6, ¶ 14. Plaintiff alleges that

> United, in concert with the Partner Airlines, made retroactive changes to the Program, known or aided and abetted by Chase, which adversely impacted upon the ability of participants such as plaintiff to claim awards with miles already earned, devalued the miles accumulated by participants, and/or unfairly utilized 'Capacity Control' as a means to deny Program participants the promised and/or expected benefits; actions which, if they had been properly disclosed to participants, could have been considered by participants in determining whether to join and/or accumulate mileage in the programs of other airlines which did not make such changes, and/or in determining whether to fly upon other airlines which were more convenient or less costly and/or whether to utilize the Chase Card.

Compl. at 4, ¶ 7. In addition, plaintiff states that

> [a]t various times, plaintiff has attempted to utilize United mileage credits to 'purchase' seats on United and Air New Zealand and South African Airways international flights as 'Saver Awards.' Even when calling United on the first dates that United and its Partner Airlines have purportedly made seats available for such flights, and at the earliest times in the morning when he was instructed to call United, he was typically told that no business or first class seats for international flights were available for purchase as 'Saver Awards' with mileage credits.

Compl. at 5, ¶ 10.

Plaintiff further states that

> Most recently, the only tickets that plaintiff could purchase to get to New Zealand were by way of Sydney[,] Australia and paying for first class tickets with 'miles' instead of flying directly to New Zealand on Air New Zealand. Thus, in addition to paying substantially more in mileage credits for his requested flights, plaintiff and his wife had to expend approximately 20 additional hours each in traveling to and from Australia, a routing that was not desirable. Similarly, plaintiff attempted to purchase two business class tickets from the Unites States to South Africa and return. Once again, despite numerous phone calls to United and many proposed alternate dates of travel, there were never any business or first class seats available using 'miles.' Since United made seats available for cash, plaintiff thereafter purchased the tickets for cash for appox. $17,400 instead of using the mileage credits he had earned and had wanted to use for the 'purchase.'

Compl. at 5-6, ¶ 11. Plaintiff seeks monetary and injunctive relief. See Compl. at 14.

## DISCUSSION

Although plaintiff proceeds *pro se* here, he is an experienced attorney, and, accordingly, the Court is not obligated to read his pleadings liberally. Bliven v. Hunt, No. 05-CV-4852, 478 F. Supp. 2d 332, 334 (E.D.N.Y. 2007) (holding that experienced attorney not entitled to degree of liberality given to non-attorney *pro se* plaintiffs) (citations omitted); Maloney v. Cuomo, 470 F. Supp. 2d 205, 209 (E.D.N.Y. 2007) (stating that, "[a]lthough the Court normally will hold the pleadings of a *pro se* plaintiff to a less rigorous standard of review than pleadings drafted by counsel, as an experienced attorney the plaintiff's papers in this case are not entitled to such special consideration") (citing Goel v. United States DOJ, No. 03 Civ. 0579, 2003 WL 22047877, at *1 (S.D.N.Y. Aug. 27, 2003)).

While the Court is sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., --- U.S. ----, ----, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal question jurisdiction, and section 1332 provides for diversity of citizenship jurisdiction. Id. Federal question jurisdiction is not available

in the instant action under 28 U.S.C. § 1331. Arbaugh, 126 S.Ct. at 1244 ("A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).

A plaintiff properly invokes section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, which is currently $75,000. Id. (citing § 1332(a)). Here, complete diversity exists among the parties. However, it is unclear that plaintiff's claim exceeds $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). This determination is made based upon the plaintiff's allegations, and not based upon the merits of the case. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1984)). Moreover, "with mounting federal case loads . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" Tongkook, 14 F.3d at 784 (quoting Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 98 (2d Cir. 1996)) (parentheticals in original).

Here, plaintiff claims that "the retail value of the airline tickets to which he is entitled through the exercise of the United 'miles' he presently has in his account and which he continues to accrue and otherwise exceed $75,000. . . ." Compl. at 9, ¶ 33. However, plaintiff cites to only one specific instance where he was not allowed to use his miles and had to use cash to purchase tickets costing $17,400. See Compl. at 6. Therefore, plaintiff has not shown to a "reasonable probability" that his

claim is for an amount in excess of the $75,000 jurisdictional threshold. Chase Manhattan Bank, 93 F.3d at 1070.

However, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." Id. (internal quotation marks omitted). Taking these factors into consideration, the Court, therefore, grants plaintiff leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to demonstrate a good faith basis for asserting that his claim satisfies the amount in controversy requirement.

## CONCLUSION

For the reasons explained above, the Court finds that it may lack subject matter jurisdiction over plaintiff's complaint. Plaintiff is granted leave to file an amended complaint within thirty days from service of this order if he can demonstrate a good faith basis for satisfying the amount in controversy requirement. Otherwise, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

SO ORDERED.

/S/
_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
　　　　June 5, 2007